

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# USA v. Zoher

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Zoher" (2006). *2006 Decisions.* Paper 633.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/633

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1333

UNITED STATES OF AMERICA

v.

ALAAELDIN ZOHER,

Appellant

_____

On Appeal From the United States District Court
for the District of New Jersey
District Court No.: 04-cr-00470
District Judge: The Honorable Harold A. Ackerman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2006

Before: SMITH, WEIS, and ROTH, *Circuit Judges*

(Filed: August 2, 2006 )

_____

OPINION

_____

SMITH, *Circuit Judge*.

Alaaeldin Zoher pled guilty to one count of bankruptcy fraud and now appeals the

reasonableness of his sentence. Because we find no error in the District Court's

judgment, we will affirm.

I.

In 1999, Zoher opened a total of thirty-four credit accounts, frequently misrepresenting his income in order to obtain higher credit limits. In 1999 and 2000, Zoher and others used these accounts to make purchases and to receive cash advances totaling nearly $386,000. On September 29, 2000, Zoher filed a petition for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the District of New Jersey, listing the aforementioned $386,000 in debts and approximately $500 in assets. Following an investigation by the United States Postal Inspection Service, Zoher was arrested on July 29, 2002.

On July 22, 2004, Zoher pled guilty to one count of bankruptcy fraud, a violation of 18 U.S.C. § 157(1) and (2), which was punishable by a maximum term of sixty months of imprisonment. Based on the stipulations in his written plea agreement, the Sentencing Guidelines range was fifteen to twenty-one months. Zoher moved for downward departures–and, in the alternative, requested discretionary reductions in his sentence–in light of his allegedly extraordinary attempts to rehabilitate himself and his allegedly extraordinary acceptance of responsibility.

During the sentencing hearing on January 25, 2005, the District Court denied Zoher's motions for downward departures and denied his requests for discretionary reductions in his sentence. Citing the relatively large amounts of money involved in this

2

case, the District Court instead imposed a custodial sentence of twenty-four months, three months above the top of the Guidelines range. In its judgment entered February 1, 2005, the District Court also imposed thirty-six months of supervised release, a special assessment of $100, and restitution in the amount of $33,873.61. Zoher has appealed the reasonableness of both his custodial sentence and the order of restitution.[1]

II.

Although Zoher received a custodial sentence that was three months above the top of the Guidelines range, we conclude that Zoher has not established the unreasonableness of his sentence on appeal.[2] The record establishes that the District Court considered both

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a). In accordance with this Court's longstanding rule, we will decline to review the District Court's discretionary decisions not to grant downward departures pursuant to the Sentencing Guidelines. *See United States v. Cooper*, 437 F.3d 324, 328 (3d Cir. 2006) (citing *United States v. Denardi*, 892 F.2d 269, 271-72 (3d Cir.1989)). However, we have jurisdiction under 18 U.S.C. § 3742(a) to review the overall reasonableness of the District Court's sentence, including the factors that the District Court deemed insufficiently extraordinary to warrant a downward departure pursuant to the guidelines but which nonetheless fall within the enumerated sentencing factors in 18 U.S.C. § 3553(a). *See Cooper*, 437 F.3d at 329.

[2] In our review of the reasonableness of the District Court's sentence, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors" and "we must also ascertain whether those factors were reasonably applied to the circumstances of the case." *Cooper*, 437 F.3d at 329-30. Although "[a] sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range," "appellants have the burden of demonstrating unreasonableness." *Id.* at 332. "[W]hat we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Id.* at 330.

Zoher's rehabilitation efforts and his acceptance of responsibility within the context of exercising its sentencing discretion. But the District Court also noted that the statutory maximum for Zoher's offense was sixty months. The District Court further found that in light of the relatively large sums of money involved in this case, a sentence of only twenty-one months would not adequately reflect the seriousness of the crime. The seriousness of the crime is a permissible consideration in sentencing pursuant to 18 U.S.C. § 3553(a)(1), and on appeal Zoher did not demonstrate any unreasonableness in the District Court's application of this factor to Zoher's case. Accordingly, we will affirm the District Court's judgment as to Zoher's custodial sentence.

Further, we find no error in the District Court's judgment as to restitution.[3] Because this was a fraud offense under Title 18 in which identifiable victims suffered pecuniary loss, the Mandatory Victim Restitution Act of 1996 required the District Court to order restitution. *See* 18 U.S.C. §§ 3663A(a)(1) & 3663A(c)(1). The District Court did not err by ordering payment of restitution to a corporation because § 3663A(a)(2) defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered," and the general definition of "person" for federal statutory purposes includes corporations. *See* 1 U.S.C. § 1. Finally, § 3663A(d) provides that "[a]n order of restitution under this section shall be

_____

[3]Because we find no error in the District Court's judgment with respect to this issue, we need not address the government's argument that Zoher failed to adequately raise this issue below and thus that it should be subject to review for plain error.

4

issued and enforced in accordance with section 3664," which in turn provides that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Accordingly, the District Court did not err by failing to consider Zoher's financial resources when setting the amount of his restitution, and we will affirm the District Court's judgment as to restitution.

In sum, we find no error in the District Court's judgment and we will affirm.